IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON MONTES,<br>  ID # 35257-177,<br>   Movant, | )<br>)<br>) |
| vs. | ) No. 3:19-CV-1698-E-BH<br>) No. 3:06-CR-328-N(1)<br>) |
| UNITED STATES OF AMERICA,<br>   Respondent. | )<br>) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 16, 2019 (doc. 2). Based on the relevant filings and applicable law, the motion should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Jason Montes (Movant), a federal prisoner, challenges his convictions in Cause No. 3:06-CR-328-N(1). The respondent is the United States of America (Government).

On April 14, 2008, a jury found Movant and a co-defendant guilty of numerous counts of bank robbery, conspiracy to commit bank robbery, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 371, 924(c)(1), and 2113(a), (d). (*See* docs. 123, 159.)[2] He was sentenced to a total of 4,705 months' imprisonment, to be followed by three years of supervised release. (*See* doc. 159.) His convictions and sentences were affirmed by the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) on March 26, 2010. *See United States*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:06-CR-328-N(1).

*v. Montes*, 602 F.3d 381 (5th Cir. 2010).  He did not file a petition for writ of certiorari with the United States Supreme Court.

On June 16, 2014, Movant filed a § 2255 motion challenging his convictions and sentences.  (*See* No. 3:14-CV-2198-N-BH, doc. 2.)  On July 25, 2014, it was denied with prejudice as barred by the statute of limitations.  (*See id.*, docs. 4-6.)  Movant again challenges his convictions and sentences under § 2255, alleging that his conviction under the residual clause of 18 U.S.C. § 924(c)(1) is invalid under *United States v. Davis*, 139 S.Ct. 2319 (2019), and that he received ineffective assistance of counsel.  (*See* No. 3:19-CV-1698-E-BH, doc. 2 at 4-5; doc. 18 at 9-16.)  The Government responds that subject matter jurisdiction is lacking over this second or successive § 2255 motion.  (*See id.*, doc. 12.)

## II.    JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for their jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals.  *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ."

*United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* a movant is required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 application that was not presented in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Here, Movant's current § 2255 motion again challenges the same convictions and sentences as in his prior § 2255 motion, but he now relies on the holding set forth in *Davis* to support his claims. The Fifth Circuit has noted that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for

authorization under § 2244." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009). "In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error—when the error arises after the underlying conviction—tend to be deemed non-successive." *Id.* Although he relies on a new rule of constitutional law, Movant's second challenge to his convictions and sentences is successive within the meaning of § 2255. *See United States v. Hill*, 623 F. App'x 200, 201 (5th Cir. 2015) (per curiam) (holding that a § 2255 motion that relied on two Supreme Court decisions that were announced after the movant was sentenced was nevertheless successive because the "alleged defects and the facts necessary to support the claims were known to Hill at trial and sentencing and prior to when he filed his initial § 2255 motion.").

As noted, the determination of whether Movant may file a successive petition "must be made by a three-judge panel of a United States court of appeals before a motion is filed in district court." *United States v. Ornelas-Castro*, No. 3:07-CR-190-K, 2019 WL 6135156, at *2 (N.D. Tex. Nov. 18, 2019) (citing *United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this [§ 2255(h)] statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original))); *see also* 28 U.S.C. §§ 2244(b)(3), 2255(h); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (finding successive petition where claims could have been or were raised in initial § 2255 petition that was dismissed as time-barred). Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction, and Movant's new § 2255 motion is subject to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of

jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III.   RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 26th day of October, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE